Christine WONG, Plaintiff–Appellant,

v.

Ellen ANDERSON, AKA The Harrison Team; et al., Defendants–Appellees.

No. 15-15807

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 4, 2016

Christine Wong, Pro Se

Peter Christopher Catalanotti, Esquire, Attorney, Manning & Kass, Ellrod, Ramirez, Trester LLP, San Francisco, CA, Steven Jeff Renick, Manning & Kass, Ellrod, Ramirez, Trester LLP, Los Angeles, CA, for Defendants–Appellees Ellen Anderson, Linda Harrison

Lemuel Bryant Jaquez, Esquire, Counsel, First American Law Group, Santa Ana, CA, for Defendant–Appellee First American Title Company

Jan T. Chilton, Attorney, Elizabeth Holt Andrews, Esquire, Severson & Werson APC, San Francisco, CA, Kerry W. Franich, Severson & Werson, Irvine, CA, for Defendant–appellee Wells Fargo Bank, NA

Kristen Ann Jensen, Esquire, Deputy City Attorney, City Attorney's Office, San Francisco, CA, for Defendant–Appellee City and County of San Francisco

W. Eric Blumhardt, Esquire, Attorney, Archer Norris, Walnut Creek, CA, for Defendants–Appellees San Francisco Housing Development Corporation, Borrower's Best, Lisa D. Fitts

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Christine Wong appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction her action seeking specific performance of a real estate purchase agreement. We review de novo. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). We affirm.

The district court properly dismissed Wong's action for lack of subject matter jurisdiction because Wong did not present a federal question on the face of her amended complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (plaintiff must present a federal question on the face of a properly pleaded complaint).

For the same reason, the district court did not abuse its discretion in denying Wong's motion for reconsideration of the order dismissing her action. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS,*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review).

The district court did not abuse its discretion in dismissing Wong's action without leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal"); *see also Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

We reject as without merit Wong's contention that the district court improperly dismissed the action without first holding a hearing. *See Scholastic Entm't, Inc.*, 336 F.3d at 985 ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.